UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARIANNE MURPHY and WILLIAM MURPHY,       Civil Action No.

                     Plaintiffs,

      -against-       NOTICE OF REMOVAL
                                                               PURSUANT TO
                                                         28 U.S.C. §§ 1441 and 1332

CONTINENTAL AIRLINES, INC.,

                     Defendant.

------------------------------------------------------------------x

       Defendant CONTINENTAL AIRLINES, INC. ("Continental"), by its attorneys, McKeegan & Shearer, P.C., hereby removes this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1332.

       1.    Plaintiffs served the Summons and Verified Complaint in this action against Continental on or about October 5, 2007. A copy of the Summons and Verified Complaint are annexed hereto as Exhibit "A." Upon information and belief, the Verified Complaint was the first pleading served in the action. No further proceedings have been had in the action.

       2.    Upon information and belief, plaintiffs were and still are, for diversity and removal jurisdiction purposes, citizens and residents of the State of New York.

       3.    At the time of the alleged service of the Summons and Verified Complaint, Continental was and is incorporated under and pursuant to the laws of the State of Delaware, was and is authorized to do business in the State of New York and has a principal place of business in Houston, Texas.

4.     The above-described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C., Section 1332, and which may be removed to this Court by defendant Continental herein pursuant to the provisions of 28 U.S.C., Section 1441 because it is a civil action wherein the matter in controversy allegedly exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between out-of-state citizens.

5.     This is a civil action brought in a state court of which the district court of the United States has original jurisdiction.

6.     Continental will pay all costs and disbursements accrued by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

WHEREFORE, defendant CONTINENTAL AIRLINES, INC. respectfully submits that this notice complies with the statutory removal requirements and that this action should proceed in this Court as a properly removed action and that petitioner have such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
         October 17, 2007                    McKEEGAN & SHEARER, P.C.


                                             By_____
                                               George P. McKeegan (GPM 8602)
                                                 (A Shareholder of the Firm)
                                             Attorneys for Defendant
                                             CONTINENTAL AIRLINES, INC.
                                             192 Lexington Avenue, Suite 701
                                             New York, New York 10016
                                             (212) 661-4200

TO:   SHAKED & POSNER
      Attorneys for Plaintiffs
      255 West 36th Street, 8th Floor
      New York, New York 10018
      (212) 494-0035

**Exhibit "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

MARIANNE MURPHY and WILLIAM
MURPHY

                Plaintiffs,

    -against-

CONTINENTAL AIRLINES, INC.

                Defendant.
_____

Index No.
Plaintiffs designate
NEW YORK COUNTY
as the place of trial

The basis of the venue
is Plaintiff's
residence

**SUMMONS**

Plaintiffs' address
1623 3rd Avenue
NY, NY

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 7, 2007

                Shaked & Posner
                Attorney for Plaintiffs
                Office and P.O. Address
                255 West 36th Street
                8th floor
                New York, New York 10018
                (212) 494-0035

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

MARIANNE MURPHY and WILLIAM MURPHY

                Plaintiffs,        INDEX NO.

       -against-              **VERIFIED COMPLAINT**

CONTINENTAL AIRLINES, INC.

                Defendant.
_____

      Plaintiff(s) by their attorney SHAKED & POSNER, complaining of the defendants respectfully show the court upon information and belief allege as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF</u>

<u>THE PLAINTIFF MARIANNE MURPHY</u>

      FIRST:   At all the times hereinafter mentioned, plaintiff MARIANNE MURPHY was a resident of the state of New York.

      SECOND:   At all the times hereinafter mentioned, defendant CONTINENTAL AIRLINES, INC. (hereinafter referred to as "CONTINENTAL") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      THIRD:   At all the times hereinafter mentioned, defendant "**CONTINENTAL**" was and is a licensed foreign corporation authorized to conduct and conducting business in the State of New York.

FOURTH:  At all the times hereinafter mentioned, defendant "CONTINENTAL"  owned, operated, maintained, managed and controlled certain airplanes which it used to transport passengers to and from their chosen destinations.

FIFTH:  That at all times hereinafter mentioned and upon information and belief, Plaintiff MARIANNE MURPHY, was lawfully and properly an invitee and patron of said defendant and lawfully and properly a passenger upon the defendant's airplane.

SIXTH:  That at all times hereinafter mentioned, it was the duty of the Defendant, "CONTINENTAL", its' agents, servants and/or employees to operate, manage, control, inspect and maintain the aforementioned airplanes and all on-board equipment in a safe condition so that the persons lawfully upon said airplane would not be subject to unnecessary hazards and dangers.

SEVENTH: That at all times hereinafter mentioned, and upon information and belief, defendant "CONTINENTAL" employed personnel to operate, maintain, manage, control supervise and inspect the aforesaid airplanes and all on board equipment.

EIGHTH:  That at all times hereinafter mentioned, and upon information and belief , defendant "CONTINENTAL" , its agents, servants and/or employees to provide for the safety of its passengers on said airplanes, including the within plaintiff, MARIANNE MURPHY.

NINTH:  That at all times hereinafter mentioned, and upon information and belief, it was the duty of the defendant, "CONTINENTAL" its agents, servants and/or employees to keep the passengers on said airplanes including the plaintiff,

MARIANNE MURPHY, safe from harm or hazard and prevent injury from befalling them.

TENTH: That on or about April 1, 2006, while the plaintiff MARIANNE MURPHY was lawfully and properly aboard the defendants airplane, the plaintiff was caused to sustain severe, serious and permanent injuries as a result of the negligence of the aforesaid defendant it agents, servants and/or employees.

ELEVENTH: That at all times hereinafter mentioned and upon information and belief, "CONTINENTAL" , its agents, servants, and employees were negligent in that they operated, maintained, managed, and controlled a food service cart in a reckless, dangerous and hazard manner causing a serious injury to the plaintiff, MARIANNE MURPHY.

TWELFTH: That the defendant, its agents, servants and/ore employees were negligent in that they failed and omitted to apprehend and comprehend an imminent dangerous, hazardous and perilous accident situation and failed to take the necessary steps to remedy the same; the Defendant, its' agents, servants and/or employees, was negligent in that it allowed the aforesaid airplane and its' on-board equipment to become and remain in a dangerous, defective, obstructive, unlawful and hazardous condition, which condition constituted a menace to the persons lawfully upon the Defendant's airplane and this Plaintiff in particular; in failing to properly and carefully ensure the proper and safe condition and/or use of its on board food service cart; in failing to take the necessary steps to avoid the accident; in failing and omitting to employ adequately

skilled personnel to safely and carefully operate maintain control and inspect the food service cart.

THIRTEENTH:  That the aforesaid occurrence was caused solely and wholly as the result of the negligence of the Defendant, its' agents, servants, and/or employees without any negligence on the part of the Plaintiff, MARIANNNE MURPHY contributing thereto.

FOURTEENTH:  That as a result of the negligence of the defendants, their agents, servants and/or employees, plaintiff MARIANNE MURPHY sustained injuries to various parts of her head, body, limbs and nervous system and, upon information and belief, some of her said injuries are of a permanent and/or protracted nature; that by reason thereof, she was confined to bed and home and prevented from attending to her usual business and/or occupation and sustained a loss of earnings thereby; and she was required and will be required to obtain medical aid and attention in an effort to cure and alleviate her said injuries, and incurred obligations therefor.

FIFTEENTH:   That by reason of the foregoing, plaintiff, MARIANNE MURPHY has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS.

### AS AND FOR A SEOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF WILLIAM MURPHY

**SEVENTEENTH:** Plaintiff, William Murphy, repeats, reiterate, and realleges all of the foregoing paragraphs of this Complaint marked or numbered "first" through FIFTEENTH inclusive as though same were set forth herein at length.

EIGHTEENTH: Those at all times hereinafter mentioned, Plaintiff WILLIAM MURPSHY, was and is the lawful spouse of the Plaintiff, MARIANNE MURPHY, and was deprived of the society, consortium and companionship of his said wife and lost her services for a considerable period of time.

NINETEENTH: That as a result of the foregoing, Plaintiff, WILLIAM MURPHY was damaged in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00).

**WHEREFORE,** plaintiffs demand judgment against the defendants as follows:

1. For judgment in the sum of ONE MILLION ($1,000,000.00) DOLLARS on the First cause of Action.

2. for judgment in the sum of TWO HUNDRED FIFTY THOUSAND DOLALRS ($250,000.00) on the Second Cause of Action.

3. For interest on each cause of action from the 1st day of April 2006; and

4. For the costs and disbursements of this action:

Dated: June 7, 2007                                Yours, etc.

SHAKED & POSNER
Attorney for Plaintiffs
Office & P.O. Address
255 West 36th Street- 8th floor
New York, New York 10018
(212) 494-0035